**Date Signed:**
**April 12, 2017**




# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>LYNN LORETTA UEDOI,<br><br>Debtor. | Case No. 16-01381<br><br>Chapter 13<br><br>Docket No. 2 |

## MEMORANDUM OF DECISION REGARDING PLAN CONFIRMATION

The debtor, Lynn Uedoi, commenced her case on December 31, 2016 and timely filed a chapter 13 plan. Unsecured creditor, Bank of Hawaii, objects to confirmation. I agree with some, but not all, of Bank of Hawaii's contentions. Because Ms. Uedoi's plan fails to apply all projected disposable income toward the payment of allowed unsecured claims, I will deny confirmation.

In order to confirm a chapter 13 plan, the court must determine that all

applicable requirements of sections 1325(a) and (b) are met.[1] The debtor, as the chapter 13 proponent, has the burden of proving that she has met all of the requirements for plan confirmation.[2]

If an allowed unsecured claim holder objects to confirmation of the plan, the court may not approve the plan unless, among other things, it provides that "all of the debtor's projected disposable income to be received in the applicable commitment period" will be applied to make payments to unsecured creditors under the plan.[3] This disposable income calculation is known as the "means test" and is reflected in Official Form 122C-2.

Disposable income is defined in the Bankruptcy Code as "current monthly income received by the debtor" less "amounts reasonably necessary to be expended" for the debtor's maintenance and support, for qualifying charitable contributions, and for business expenditures.[4] "Current monthly income" is calculated by averaging the debtor's monthly income during the 6-month look-back period prior to the petition date.[5] For a debtor whose income is above the

---

[1] *See* 11 U.S.C. § 1325.

[2] *In re Welsh*, 465 B.R. 843, 847 (B.A.P. 9th Cir. 2012), *aff'd*, 711 F.3d 1120 (9th Cir. 2013).

[3] 11 U.S.C. § 1325(b)(1)(B).

[4] 11 U.S.C. § 1325(b)(2).

[5] 11 U.S.C. § 101(10A)(A)(I); *Hamilton v. Lanning*, 560 U.S. at 510 (2010).



U.S. Bankruptcy Court - Hawaii #16-01381 Dkt # 28 Filed 04/12/17 Page 2 of 9

median for her state and household size, "amounts reasonably necessary to be expended" are the amounts specified in the IRS National Standards and Local Standards.[6] Those amounts depend, in some instances, on how many dependents the debtor has.

The Code does not define "projected" disposable income, but the Supreme Court has held that the court must use a "forward-looking approach" to account for changes in the debtor's income or expenses that are known or virtually certain at the time of confirmation.[7]

Bank of Hawaii opposes Ms. Uedoi's analysis of her income and expenses in determining her projected disposable income.

Bank of Hawaii first contests Ms. Uedoi's income by pointing out a discrepancy between her current monthly income of $8,668.68 and her Schedule I estimated gross monthly income of $8,688.14. This discrepancy is due to the fact that current monthly income is derived during the 6-month look-back period ending on the last day of the calendar month before the petition date,[8] while Schedule I reports the debtor's income as of the petition date.

Next, Bank of Hawaii contends that the plan fails to provide for any

---

[6] *See* 11 U.S.C. § 707(b)(2); 1325(b)(3); *see also Hamilton v. Lanning*, 560 U.S. at 510 (2010).

[7] *Hamilton v. Lanning*, 560 U.S. 505, 513 (2010).

[8] 11 U.S.C. § 101(10A).



U.S. Bankruptcy Court - Hawaii #16-01381 Dkt # 28 Filed 04/12/17 Page 3 of 9

proceeds of Ms. Uedoi's potential worker's compensation claim. Any potential proceeds do not constitute "disposable income" because Ms. Uedoi did not receive any such proceeds during the 6-month look-back period. Such proceeds are also not part of her "projected disposable income" because it is not virtually certain that she will ever receive them.[9] Although any proceeds obtained from that claim must be included in the plan funding in order to satisfy the "best interests of creditors test,"[10] they are not relevant to the disposable income test.

Bank of Hawaii also contests Ms. Uedoi's expenses listed in her disposable income calculation.

First, Ms. Uedoi claims two people as dependents in Part 1, Line 5 of her disposable income calculation.[11] The word "dependent" is not defined. Prior to the 2005 amendments to the Bankruptcy Code, "dependent" as used in 11 U.S.C. § 1325(b)(2)(A) was sometimes interpreted more broadly than its definition under the Internal Revenue Code.[12] But now that the IRS National and Local Standards determine the allowable expenses for above-median-income debtors, it is logical to

---

[9] *See Hamilton v. Lanning*, 560 U.S. 505, 513 (2010).

[10] 11 U.S.C. § 1325(a)(4).

[11] Dkt. # 1 at 44.

[12] *See* Keith M. Lundin & William H. Brown, Chapter 13 Bankruptcy, 4th Edition, § 475.1, at ¶ 45-48, Sec. Rev. Mar. 24, 2009, www.Ch13online.com (last visited April 11, 2017).



U.S. Bankruptcy Court - Hawaii #16-01381 Dkt # 28 Filed 04/12/17 Page 4 of 9

follow the Internal Revenue Code definition of "dependent."

Under the Internal Revenue Code, a taxpayer may treat a "qualifying child"[13] or a "qualifying relative" as a dependent.[14] Where a child's parents are divorced or separated, the dependency exemption is limited.[15] Section 152(e) allows a noncustodial parent to claim a dependency exemption deduction for a child, as a "qualifying child" or a "qualifying relative," if the custodial parent signs a written declaration in a prescribed form releasing his or her claim to the exemption and the noncustodial parent attaches the declaration to his or her federal income tax return.[16]

Ms. Uedoi is a divorced mother of two children, but she has not demonstrated that she meets the written declaration requirement. Her income tax returns lack an attached written declaration and the divorce decree alone is

---

[13] Under 26 U.S.C. § 152(c)(1), a qualifying child is an individual: (A) who bears a relationship to the taxpayer described in paragraph (2); (B) who has the same principal place of abode as the taxpayer for more than one-half of such taxable year; (C) who meets the age requirements of paragraph (3); (D) who has not provided over one-half of such individual's own support for the calendar year in which the taxable year of the taxpayer begins; and (E) who has not filed a joint return with the individual's spouse under section 6013 for the taxable year beginning in the calendar year in which the taxable year of the taxpayer begins.

[14] 26 U.S.C. § 152(a).

[15] 26 U.S.C. § 152(e).

[16] *Id.* at § 152(e)(2); *Miller v. Commissioner*, 114 T.C. 184, 190 (2000).



U.S. Bankruptcy Court - Hawaii #16-01381 Dkt # 28 Filed 04/12/17 Page 5 of 9

insufficient to meet the requirements of § 152(e)(2).[17] Therefore, she cannot claim either of her children as dependents in her disposable income calculation.

Ms. Uedoi can claim her live-in boyfriend, James Yamada, as a "qualifying relative." A "qualifying relative" is an individual:

(1) who bears a relationship to the taxpayer as described in section 152(d)(2);

(2) whose gross income for the year is less than the exemption amount defined in section 151(d);

(3) who receives over half of his or her support from the taxpayer for the taxable year at issue; and

(4) who is not a qualifying child of the taxpayer or of any other taxpayer for the taxable year.[18]

Mr. Yamada bears a sufficient relationship with Ms. Uedoi because he lives with her.[19] Due to a disability that prevents him from working, Mr. Yamada's gross income for 2016 was less than $4,050.00. He received over half of his support for

---

[17] *See id.* at 195-196 (Although a divorce decree from a state court may give a noncustodial parent the right to claim dependency exemptions for his or her children, a state court cannot determine issues of federal tax law and the court's orders do not satisfy the requirement of a written, signed declaration by the custodial parent.)

[18] 26 U.S.C. § 152(d)(1).

[19] The necessary relationship to the taxpayer may be an individual who has the same principal place of abode. 26 U.S.C. § 152(d)(2)(H).

the year from Ms. Uedoi, and he is not a "qualifying child." Because Mr. Yamada meets the "qualifying relative" requirements, Ms. Uedoi may include him as a dependent in determining her disposable income.

Second, Ms. Uedoi improperly claims a $60.00 parking fee expense as an involuntary deduction. Ms. Uedoi initially stated that her parking fee is a necessary expense because her employer requires it.[20] Her supplemental declaration elaborated that she felt unsafe walking to work because she had to pass by homeless drug users.[21] Necessary parking expenses are not the involuntary deductions contemplated in the "Other Necessary Expenses" deduction.[22] The IRS Local Standards include transportation expenses, separated into ownership costs and operating costs.[23] Parking costs are included in operating costs.[24] Even if Ms. Uedoi's employer requires parking, she may not deduct it because it is included in the IRS Local Standard for transportation costs. Ms. Uedoi has already claimed the

---

[20] Dkt. # 14 at 5.

[21] Dkt. # 24 at 4.

[22] *See* U.S. Trustee Program, *Means Testing: USTP Position Concerning Chapter 13 Disposable Income Test*, United States Department of Justice, U.S. Trustee Program https://www.justice.gov/sites/default/files/ust/legacy/2015/03/03/chapter13_analysis.pdf (last visited April 11, 2017).

[23] *See* Internal Revenue Service, *Means Testing: Local Standards*, United States Department of Justice, U.S. Trustee Program, http://www.justice.gov.ust.means-testing/20161101 (last visited April 11, 2017).

[24] *Id.*



U.S. Bankruptcy Court - Hawaii #16-01381 Dkt # 28 Filed 04/12/17 Page 7 of 9

full amount of vehicle operation expenses.

But a debtor can claim expenses in addition to those allowed by the IRS standards if the debtor "demonstrate[s] special circumstances, such as a serious medical condition or a call or order to active duty in the Armed Forces, to the extent such special circumstances that [sic] justify additional expenses or adjustments of current monthly income for which there is no reasonable alternative" and the debtor provides the required supporting information.[25] Ms. Uedoi has adequately established that she would face unusual risk of physical harm if forced to walk to work. This is a "special circumstance" justifying allowance of the $60.00 monthly parking expense.

Third, Ms. Uedoi claims a $520.00 deduction for voluntary contributions to a retirement plan. An above-median-income chapter 13 debtor's voluntary postpetition retirement contributions are not excluded from her disposable income.[26] Therefore, Ms. Uedoi cannot claim the $520.00 deduction.

Finally, Bank of Hawaii says that the debtor's $2,538.00 tax deduction fails to account for a $5,000.00 tax refund. Because Ms. Uedoi's chapter 13 plan requires that she pay any and all tax refunds back into the plan, she did not err by failing to

---

[25] 11 U.S.C. § 707(b)(2)(B).

[26] *In re Parks*, 475 B.R. 703, 707 (B.A.P. 9th Cir. 2012).



U.S. Bankruptcy Court - Hawaii #16-01381 Dkt # 28 Filed 04/12/17 Page 8 of 9

include the $5,000.00 in calculating her monthly tax payments.

In summary, Ms. Uedoi's disposable income calculation requires further revision. Therefore, confirmation of the chapter 13 plan is denied.

**END OF MEMORANDUM**



U.S. Bankruptcy Court - Hawaii #16-01381 Dkt # 28 Filed 04/12/17 Page 9 of 9